## COMMONWEALTH *vs.* ELLEN HALEY.

A witness on his cross-examination testified that during the trial he had consulted a memo-
randum book in his possession to refresh his memory as to certain dates, which otherwise
he would have been unable to state correctly, and that there were entries in it not relating
to this case, which he did not wish to have seen. *Held,* that the refusal of the judge to
require the witness to submit to the inspection of the counsel and the jury those por-
tions of the book not relating to the cause on trial, was not the subject of exception.

INDICTMENT for keeping a tenement used for the illegal sale
and illegal keeping for sale of intoxicating liquors.

At the trial in the superior court, before *Vose*, J., a deputy
constable of the Commonwealth testified, on behalf of the gov-
ernment, that he visited the defendant's house upon certain days
and witnessed several sales of intoxicating liquors by her. On
cross-examination, he stated that he kept a memorandum of the
places he visited and the dates, and the violations of law he wit-
nessed, and entered the same upon a diary upon which he also
kept his personal and private memorandum of his own business;
that he had examined the same during the trial, and should not
otherwise be able to state the dates correctly. The witness, in
reply to a further inquiry, took the book from his pocket, but
declined to permit the counsel to examine it. The counsel
claimed the right to examine the entire book, and to submit it
to the jury, on the ground that it would appear that the book
was manufactured all at one time and within a few days of the
trial; but the judge declined to require the witness to produce
the book as requested, and told the counsel he could inspect the
entry relating to this case, and exhibit the same to the jury, and
no other; and the counsel took the book and examined that
only.

The jury returned a verdict of guilty, and the defendant al-
leged exceptions.

*A. F. L. Norris*, for the defendant.

*Reed*, A. G., for the Commonwealth.

HOAR, J. The extent to which a witness can be required, on
cross-examination, to testify to matters not directly in issue,

must necessarily be left, for the most part, to the judicial discretion of the court in which the trial is had. It is undoubtedly true that, if a witness produces any writing to assist his memory, he may be compelled to submit it to the inspection of the opposite party, to enable him to see whether it is a proper memorandum for the purpose, and to cross-examine upon it. Especially is this so when he professes to be able to testify only by aid of the writing. But this rule does not involve the duty of exposing everything contained in a book in which his memorandum is kept. He is only bound to show such parts of it as he consults to aid his memory, or such as relate to the subject of his testimony. Private entries on other matters, though contained in the same book, are not thereby made parts of the writing which he produces. *Hardy's case,* 2 C. & P. 604, *note.*

In this case, the witness did not produce the book to assist him in testifying, although he said that he had consulted it to enable him to testify, and was only able to state the transaction by its aid. He produced it by the request of the defendant on cross-examination. It was then going as far as any authority will warrant, to allow the defendant and the jury to inspect the entries relating to the matter in issue; and the other contents of the book, which the witness said were private, and not concerning the case, he had a right to keep back. It was for the presiding judge to determine what parts of the book were material; and if he was satisfied with the statement of the witness and refused to permit the cross-examination to extend farther the refusal is not the subject of exception.

*Exceptions overruled.*